# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:13-cr-00140-SLB-JEO |
| ) | |
| BILLY WILLIAMS, JR., et al., ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR PRETRIAL DISCLOSURE OF
## RULE 404(b) EVIDENCE AND
## INCORPORATED MEMORANDUM OF LAW

Comes now the Defendant, by and through undersigned counsel, and moves this Honorable Court to enter an Order directing the government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to *Rule 404(b) Alabama Rules of Evidence*, and further direct the government to identify the witnesses through whom such evidence will be presented at trial and, in support thereof, states as follows:

l.   The accused stands charged with violation of various state criminal offenses.

2.   The elements of knowledge and intent often are shown by circumstantial evidence. In this regard, the government may seek to introduce evidence of other acts and/or wrongs aside from those alleged in the indictment to show the accused intent and knowledge.

3.   *Rule 404 (b)* provides, in pertinent part, as follows: <u>Other crimes, wrongs or acts.</u> Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith.  It may, however, be admissible for other

purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identify or absence of mistake or accident.

4. *Rule 404 (b)* requires that upon request by the accused, prosecution in a criminal case shall provide reasonable notice in advance of trial any other crimes, wrongs or acts as required by *Rule 404(b), Alabama Rules of Evidence*.

5. In *United States v. Baum, 482 F.2d 1325 (2d Cir. l973)*, the Second Circuit reversed a conviction for possession of stolen goods where a pre-trial motion to reveal the identity of a government witness was denied and the witness testified at trial that defendant previously had received stolen goods unrelated to possession of the particular goods as set forth in the indictment. In so doing, the Court states:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor. The failure to reveal Greenhaulgh's identity until he was presented as a witness confronted the trial judge with the hard choice of interruption of the trial or denial to the defense of a reasonable OPPORTUNITY of meeting the severe impact of this aspect of the prosecutors evidenced. *482 F.2d at l33l-32*. (Emphasis added)

Accordingly, the Court ordered a new trial so that defendant could be provided a "fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment." See also, *United States v. Roybal, 566 F.2d ll09 (9th Cir. l977)*.

6. Counsel suggests that the issues of knowledge and intent will be vigorously contested at trial in this action. Likewise, it is anticipated that, aside from the acts charged in the Indictment,

the state will attempt to rely upon evidence of other wrongs, acts or crimes to demonstrate the accused knowledge, motive or intent to perform the various acts alleged in the Indictment.  Given the seriousness and complexity of the charges in the instant indictment, we contend that the Defendant would be denied his Fifth Amendment right to Due Process of law, and the Sixth Amendment right to assistance of counsel if the State is permitted to conceal, until trial, the particular other crimes or acts it intends to offer in evidence and the identities of those persons upon whom it will rely to show such other acts or wrongs.  Without pre-trial disclosure of the requested information, the defense cannot adequately prepare to meet such "similar act" evidence.  <u>See also, United States v. Strofsky,</u> 409 F.Supp. 600 (S.D.N.Y. l973).

7. Moreover, to prevent undue prejudice at trial, counsel anticipates filing a Motion in Limine to seek exclusion of all such similar act or other crime evidence.  It would be premature for the accused to file such a motion at this time.  However, pre-trial disclosure by the government of the information sought to be obtained in this Motion will facilitate an orderly trial and allow the accused the opportunity to timely seek exclusion of such prejudicial and nonrelevant evidence.

WHEREFORE, above premises considered, Defendant respectfully moves this Honorable Court to issue an Order directing the government to immediately disclose any evidence of similar crimes, acts or wrongs it intends to offer at trial and the identities of those persons through whom the government will seek to produce such evidence.

*/s/ David S. Luker*
**DAVID S. LUKER**
ATTORNEY FOR DEFENDANT
ASB-6647-E32D
DavidL@LukerLawPC.com
2205 Morris Avenue
Birmingham, AL 35203
(205) 251-6666

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 3rd day of June, 2013, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Gregory Dimler

                **s/DAVID S. LUKER**
                ATTORNEY FOR DEFENDANT